UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
OLSHAN FROME WOLOSKY,  :   FILED ELECTRONICALLY
                       :   Index No: 1:23-cv-08596-JGK
            Plaintiff, :              8594
                       :
  - against -          :   CONFIDENTIALITY ORDER
                       :
BRETT RATNER,          :
                       :
            Defendant. :
------------------------------------------------x

     **WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

     **ORDERED** on this ____ day of _____, 2024 that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

     1.    Counsel for any party and any third-party responding to a discovery request may designate any document, information, or testimony, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the designating party in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

     2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

     3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

     4.    The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.    The requesting party and counsel, including in-house counsel;

    b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.    Before disclosing or displaying the Confidential Information to any person, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6.    The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.    If a party inadvertently discloses Confidential Information, the party should immediately inform the other parties and take steps necessary to remediate the inadvertent disclosure.

8.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of litigation, which includes the exhaustion of all appeals and/or expiration of the time within which to file therefor, each party, or other individual subject to the terms hereof, shall be under an obligation to protect all material designated as Confidential. If requested after the conclusion of this litigation, if requested, each party agrees within sixty (60) days such request, (a) to shall destroy, to the best of its ability, all originals and unmarked copies of documents and things produced as Confidential material that they received from the producing party; and (b) to certify in writing that it has undertaken its best efforts to destroy such documents, and that such documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for each of the Parties may retain a copy of documents constituting work product that contain and/or constitute Confidential material, as well as copies of all transcripts and pleadings, including any exhibits attached thereto, and copies of all submissions, for archival purposes, subject to the provisions of this Discovery Confidentiality Order. The obligation set forth in this paragraph does not require the search or destruction of data on back-up media or e-mail.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. No information that is in the public domain, or which is already known by the receiving party through proper means, or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material under this Discovery Confidentiality Order.

14. This Order is not binding on the Court or Court personnel. The Court reserves the right to amend it at any time.

SO STIPULATED AND AGREED.

| | |
|---|---|
| **OLSHAN FROME WOLOSKY LLP** <br> *Attorneys for Plaintiff* | **EPSTEIN OSTROVE, LLC** <br> *Attorneys for Defendant/Counterclaim Plaintiff* |

By: *Scott S [signature]*
Thomas J. Fleming, Esq.
Scott Shaffer, Esq.

1325 Avenue of the Americas
New York, NY 10019
Telephone: 212.451.2300
Fax: 212.451.2222
E-mail: tfleming@olshanlaw.com;
sshaffer@olshanlaw.com

By: /s/ Elliot D. Ostrove
Elliot D. Ostrove, Esq.

43 West 43rd Street, Suite 139
New York, NY 10036
Telephone: 646-300-8600

-And-

200 Metroplex Drive, Suite 304
Edison, New Jersey 08817
Telephone: 732-828-8600
Fax: 732-828-8601
E-mail: e.ostrove@epsteinostrove.com

SO ORDERED.

[signature]
John G. Koeltl
United States District Judge

10/24/24

4

## Exhibit A

**Agreement**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)